20-607-bk
*In re Jack Pinnock and Mazie Pinnock*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: JACK PINNOCK AND MAZIE PINNOCK,

*Debtors.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --x

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF
CSMS MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-1,

*Appellant,*

-v-                                    20-607-bk

JACK PINNOCK, MAZIE PINNOCK,

                  *Debtors-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                Brian D. Leinbach, Zeichner Ellman & Krause LLP, New York, New York.

FOR DEBTORS-APPELLEES:      Linda M. Tirelli, Tirelli Law Group, LLC, White Plains, New York.

Appeal from the United States District Court for the Southern District of New York (McMahon, *Ch. J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant U.S. Bank National Association, as Trustee, on Behalf of the Holders of CSMS Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank"), appeals the district court's judgment entered January 17, 2020, affirming the bankruptcy court's September 11, 2019 order denying U.S. Bank's motion for reconsideration of the Bankruptcy Court's October 31, 2018 order disallowing and expunging U.S. Bank's Proof of Claim against debtors-appellees Jack Pinnock and Mazie Pinnock (the "Pinnocks") and holding that the mortgage lien securing U.S. Bank's claim is void and unenforceable by U.S. Bank and its successors and assigns. We

---

\*      The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On November 2, 2016, the Pinnocks commenced a Chapter 13 bankruptcy case. The Pinnocks listed U.S. Bank as a creditor and noted that U.S. Bank had a claim secured by the Pinnocks' property located at 2848 Sedgwick Avenue in the Bronx, but the Pinnocks also noted that they disputed the claim.

On March 9, 2017, U.S. Bank filed a Proof of Claim ("POC") in the Bankruptcy Court, and attached as an exhibit to the POC a note payable to First Meridian Mortgage and an ineffective allonge -- purportedly establishing that the loan was transferred to U.S. Bank.[1] On February 13, 2018, the Pinnocks objected to U.S. Bank's POC, and the Bankruptcy Court set a hearing date. U.S. Bank did not respond to the Pinnocks' objection and waited until the May 23, 2018 hearing to ask for an adjournment to respond. The Bankruptcy Court adjourned the hearing until June 4, 2018, but ordered U.S. Bank to submit "a sworn statement explaining the facts on the allonge, under penalty of perjury, by a document custodian that will stand up as evidence." App'x at 721. The Bankruptcy Court added, "If [U.S. Bank] can't do that, [it] should throw in the towel." App'x at 721. After additional adjournments, the

---

[1] The allonge was not effective because it was not firmly affixed to the note. N.Y. U.C.C. § 3-202(2).

Bankruptcy Court held a hearing on September 26, 2018, but U.S. Bank did not provide a sworn statement as ordered.

On October 31, 2018, the Bankruptcy Court "granted" the Pinnocks' Claim Objection to U.S. Bank's POC and disallowed and expunged U.S. Bank's claim. On November 7, 2018, U.S. Bank retained new counsel, and on November 14, 2018, U.S. Bank appealed the Bankruptcy Court's order. The district court dismissed that appeal on February 22, 2019, for U.S. Bank's failure to comply with the court's briefing schedule.

On March 12, 2019, U.S. Bank filed a motion for reconsideration in the Bankruptcy Court. The Bankruptcy Court denied the motion, and U.S. Bank appealed to the district court. On January 15, 2020, the district court entered an order affirming the Bankruptcy Court's ruling and entered judgment two days later. This appeal followed.

*DISCUSSION*

I.      **Standard of Review**

"Bankruptcy court decisions are subject to appellate review in the first instance by the district court," and then "we engage in plenary, or *de novo*, review of the district court decision." *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382, 387 (2d Cir.), *cert. denied*, 139 S. Ct. 144 (2018). We "apply the same standard of review employed by the district court to the decision of the bankruptcy court." *Id.*

4

"A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the familiar and deferential abuse-of-discretion standard," and "[a]lthough this standard affords a bankruptcy judge substantial latitude, we nonetheless remain mindful that a bankruptcy court would *necessarily* abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Statek Corp. v. Dev. Specialists, Inc.* (*In re Coudert Bros. LLP*), 673 F.3d 180, 186 (2d Cir. 2012) (internal quotation marks omitted).

## II.    Motion to Reconsider

### A.    Federal Rule of Civil Procedure 60(b)(1)

U.S. Bank argues that the Bankruptcy Court abused its discretion by denying U.S. Bank's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1).  We disagree.

Rule 60(b)(1), which applies in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024, permits a bankruptcy court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (internal quotation marks omitted).

5

When a party misses a court-ordered deadline, the determination of whether that conduct is excusable

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted). "We have 'taken a hard line' in applying the *Pioneer* test," and because three of the *Pioneer* factors -- length of delay, danger of prejudice, and movant's good faith -- will usually favor the movant, "we and other circuits . . . focus[] on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp., (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)). Accordingly, "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 123 (internal quotation marks and alteration omitted).

Here, the Bankruptcy Court did not abuse its discretion by deciding that U.S. Bank failed to proffer a convincing reason (or any reason, for that matter) for its delay. As the Bankruptcy Court noted then, and as is still true now, U.S. Bank did not

give any reason as to why its former counsel failed to provide proper documentation to support U.S. Bank's POC and why it did not comply with the Bankruptcy Court's order to provide a sworn statement regarding the allonge. Rather, U.S. Bank repeatedly blamed and still blames its former counsel and makes the conclusory assertion that its prior counsel was negligent. But "the conduct of an attorney is imputed to his client," and a "party is deemed bound by the acts of his lawyer-agent," meaning that we generally do not relieve a client of the consequences of the "mistake or omission of his attorney." *SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) (internal quotation marks omitted). Thus, U.S. Bank's former counsel's failures are imputed to U.S. Bank, and because U.S. Bank has failed to explain why its former counsel's negligence is excusable (despite having a chance to do so before the bankruptcy court, the district court, and this Court), it has failed to carry its burden under our application of the *Pioneer* test.[2] Accordingly, the Bankruptcy Court did not abuse its discretion in denying U.S. Bank's Rule 60(b)(1) motion.

---

[2]      U.S. Bank argues that we should apply the standard for excusable neglect articulated in *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir. 1996). But we were clear there that that standard applied "[i]n the default judgment context," *id.*, which is not the posture of the instant case. In any event, when applying *American Alliance* (in the default-judgment context), we have found conduct to be willful where, "for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment; or failed, for flimsy reasons, to comply with scheduling orders; . . . or failed, for incredible reasons, to appear for a scheduled pretrial conference." *McNulty*, 137 F.3d at 738-39 (citations omitted). U.S. Bank's failure to comply with the Bankruptcy Court's clear and explicit order and failure to explain why it did not comply is analogous to those examples.

**B.     Federal Rule of Civil Procedure 60(b)(6)**

U.S. Bank also argues that the Bankruptcy Court abused its discretion in denying U.S. Bank's motion for reconsideration under Rule 60(b)(6).  We disagree.

Rule 60(b)(6) is a catchall provision that allows a bankruptcy court to provide relief from a judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6); *see also* Fed. R. Bankr. P. 9024 ("Rule 60 . . . applies in cases under the [Bankruptcy] Code . . .").  We have held, however, that "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001).  This is true even where the relief sought pursuant to a more specific Rule 60(b) clause is denied. *See id.*  Because U.S. Bank's motion for relief falls squarely under the purview of Rule 60(b)(1), U.S. Bank may not seek relief under Rule 60(b)(6).  Accordingly, the Bankruptcy Court did not abuse its discretion by denying U.S. Bank's motion pursuant to Rule 60(b)(6).

\*     \*     \*

We have considered U.S. Bank's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8